IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERMAINE HICKS, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 07-00567-KD-B |
| STATE OF ALABAMA, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding <u>pro se</u>, filed a handwritten Complaint together with a Motion to Proceed Without Prepayment of Fees (hereinafter "Motion"). (Docs. 1, 2). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. Based upon a careful review of the record, it is recommended that this action be dismissed without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve Defendants.

## I.  Nature of Proceedings.

Plaintiff filed a one-page, handwritten Complaint against a Washington County Probate Judge, prosecutor Harold Odom, and arresting officers, Pristine Jones and Kesler Weaver.[1] Plaintiff claims that he was "railroaded on false charges without evidence on false accusations [and was] twice put in je[opar]dy." (Doc. 1).

---

[1]In the Amended Complaint (Doc. 10), John Henry Armstrong is identified as the Probate Judge of Washington County.

Along with the Complaint, Plaintiff filed his Motion which contained scant information about his financial status (Doc. 2). Accordingly, Plaintiff's Motion was denied, as deficient, and he was ordered to file a new motion which provided information regarding how Plaintiff provided for his basic needs, such as food and shelter. (Doc. 3).

In response, Plaintiff paid $50.00 and filed a new Motion to Proceed Without Prepayment of Fees (hereinafter "new Motion"), which contained additional information. (Docs. 4 & 6). Upon review, the Court denied Plaintiff's new Motion, after finding that on a monthly basis, Plaintiff had discretionary income in the amount of $333. Accordingly, Plaintiff was ordered that he pay the remainder of the filing fee. (Doc. 7). Plaintiff paid the remainder of the filing fee on April 2, 2008. (Doc. 8). Then, on July 9, 2008, Plaintiff filed an Amended Complaint. (Doc. 10).

The docket does not reflect that Plaintiff has made any attempt to perfect service on any of the Defendants. As a result, on January 27, 2009, the Court entered an Order directing Plaintiff to show cause why his action should not be dismissed for his failure to perfect service upon the Defendants within 120 days after the filing of the Amended Complaint pursuant to Rule 4(m). (Doc. 12). In the Order, Plaintiff was expressly advised that it is his responsibility to timely perfect service of process in a manner authorized by Rule 4 of the Federal Rules of Civil

2

Procedure, and to file proof of service pursuant to Rule 4(l), Fed.R.Civ.P., and Local Rule 4.1(a)[2]. (Id.)  In response Plaintiff filed a copy of the original Complaint with a summons that is partially completed with no seal from the Clerk of Court. (Doc. 13). The Court issued a second Show Cause Order on January 21, 2010. (Doc. 14).  Plaintiff was directed to show cause by February 8, 2010, why this action should not be dismissed for failure to timely perfect service process in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure.  Plaintiff has not responded to the  Court's Order, nor has his copy of the Order been returned to the Court.

**II.  Analysis.**

A plaintiff is responsible for effectuating service of process on each defendant, that is, serving a summons (or waiver) and a copy of the complaint on each defendant.  Henderson v. United States, 517 U.S. 654, 662, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996); Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281-82 (11th Cir. 2007).  The time for accomplishing service is within 120 days after the filing of the complaint.  FED.R.CIV.P. 4(m).  Rule 4(m), which governs the timeliness of service, further provides:

---

[2]In addition, the record reflects that on June 16, 2008, Plaintiff was provided with a copy of the Pro Se Litigation Guide which contains information regarding service of process. (Doc. 9).

3

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

FED.R.CIV.P. 4(m).  This rule requires that if good cause is shown, the Court is required to extend the period of time for serving a defendant.  FED.R.CIV.P. 4(m); Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009).  "Good cause exists when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  Id. (citation and internal quotation marks omitted).  Ignorance of Rule 4(m) is not a basis for finding that good cause exists.  Asad v. Crosby, 158 Fed. Appx. 166, 171 n.4 (11th Cir. 2005) ("[P]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . [t]o hold that complete ignorance of Rule 4(j)[predecessor of Rule 4(m)] constitutes good cause for untimely service would allow the good cause exception to swallow the rule.") (citation and quotation marks omitted) (brackets in original) (unpublished); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.) (A pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."), cert. denied, 493 U.S. 863 (1989).

In the instant action Plaintiff was given two opportunities to

4

show cause why his action should not be dismissed for his failure to serve Defendants in this action. (Doc. 12). In response to the first Order, Plaintiff did not provide any explanation for his failure to perfect service. (Doc. 13). He merely filed a copy of the original Complaint with a summons form attached. The summons, however, does not indicate that any Defendant was served with a summons and a copy of the Complaint and Amended Complaint. Thus, although Plaintiff filed a response, the response is not appropriate and does not make any argument as to why service was not attempted timely by Plaintiff. As noted supra, Plaintiff simply failed to file any response to the second Show Cause Order. Based upon the record before the Court, the undersigned finds that Plaintiff has failed to show good cause for his failure to serve Defendants, and has further failed to provide any basis for extending the time for service.

According to Rule 4(m), the Court may extend the time for service even though there is not good cause for the failure to serve. Lepone-Dempsey, 476 F.3d at 1282. In using its discretion to extend the time for service, the Court should consider other factors that would warrant granting an extension, such as, the running of the statute of limitations or evasion of service of process. Id. (quoting the Committee's Advisory Note to Rule 4(m)). These factors are not present in this action at this time. For the aforementioned reasons and the reasons identified below, the Court

is not inclined to extend the time for service.

This action was filed on August 15, 2007 and, since then, very little action has taken place in this case by Plaintiff. The record does not reflect that he has made any attempt to serve the Defendants. The period of time that has elapsed since the filing of this action until now is considerable. Furthermore, in examining Plaintiff's Complaint and Amended Complaint, there are great difficulties with his manner of pleading due to the brief and conclusory nature of his statements. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Whereas, in order to state a claim upon which relief can be granted, there must be "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at ___, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" a claim is facially plausible and is stated. Id. Plaintiff has not done this.

In regard to the substantive nature of Plaintiff's claims, his claims against the judge and prosecutor are problematic as judges and prosecutors are typically entitled to absolute immunity from

damages.  Stump v. Sparkman, 435 U.S. 349, 356–57, 361–62, 98 S.Ct.

1099, 1105, 1107-08, 55 L.Ed.2d (1978) (a judge is entitled to

absolute judicial immunity from damages for those acts taken while

he was acting in his judicial capacity unless he acted in the

"'clear absence of all jurisdiction'" and "will not be deprived of

immunity because the action he took was in error, was done

maliciously, or was in excess of [his] authority") (quotation

omitted); Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984,

995, 47 L.Ed.2d 128 (1976) (absolute prosecutorial immunity

encompasses a prosecutor's acts or omissions associated with the

judicial process, in particular, those taken in initiating a

prosecution and in presenting the government's case).

Although not clearly stated, Plaintiff's underlying claim

appears to be indicative of a belief that the legal system caused

him to suffer a wrong.  Many claims of this nature are governed by

the decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364

(1994), which held:

> in order to recover damages for allegedly
> unconstitutional conviction or imprisonment,
> or for other harm caused by actions whose
> unlawfulness would render a conviction or
> sentence invalid, (footnote omitted), a § 1983
> plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid
> by a state tribunal authorized to make such
> determination, or called into question by a
> federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254.

7

Id. at 486-87, 114 S.Ct. at 2372-73.  Therefore, in considering the deficits in Plaintiff's pleading of his claims and in what the Court considers to be the nature of his underlying claims, an extension of time for the purpose of accomplishing service of process on Defendants is not warranted.

## III.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve Defendants.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this **5th** day of **April, 2010**.


                              _____/S/ SONJA F. BIVINS_____
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

2.    **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.   Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.